# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DREAGLEN SYLVESTER DAVIS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-1556 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging his conviction for aggravated robbery.  Respondent filed an answer with a brief in support, requesting dismissal of the petition as unexhausted, procedurally barred, and without merit. (Docket Entry No. 22.)  The Court construed the answer as a motion for summary judgment, and ordered petitioner to file a response.  (Docket Entry No. 24.) Petitioner filed a timely response.  (Docket Entries No. 23, 25.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS IN PART and DENIES IN PART the motion for summary judgment, and DISMISSES this case for the reasons that follow.

### *Procedural Background and Claims*

The jury found petitioner guilty of aggravated robbery in Montgomery County, Texas, and assessed his punishment at ninety-nine years incarceration.  The conviction was affirmed on appeal. *Davis v. State*, No. 09-05-421-CR (Tex. App. – Beaumont 2006, pet. ref'd).  The

Texas Court of Criminal Appeals refused discretionary review.  Petitioner did not pursue state habeas relief.

Petitioner raises the following grounds for habeas relief in the instant petition:

> (1)    The trial court erred in admitting extraneous offense evidence in violation of Texas Rules of Evidence Rule 404(b);
>
> (2)    The trial court erred in admitting extraneous offense evidence in violation of Texas Rules of Evidence Rules 401, 402, 403, and 404(a); the Fifth and Fourteenth Amendments; and the Texas Code of Criminal Procedure;
>
> (3)    The limiting instruction to the jury regarding the extraneous offense evidence was delayed; and
>
> (4)    His conviction was obtained by use of an illegal custodial interrogation.

Respondent argues that these grounds are unexhausted, procedurally barred, and/or without merit, and that the petition should be dismissed.

<em>The Applicable Legal Standards</em>

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication of the claim was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to

federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *Miller-El*, 537 U.S. at 330-31; 28 U.S.C. § 2254(e)(1).

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software*, *Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rule only applies to the extent that it does not conflict with the federal rules governing habeas proceedings.  Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the non-movant.  Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court.  *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

*Analysis*

*Violation of Texas Rules of Evidence 404(b)*

Petitioner complains that the trial court erred and violated Texas Rules of Evidence Rule 404(b) by allowing into evidence against petitioner an extraneous offense. To the extent petitioner's claim challenges the admissibility of the evidence under state law or evidentiary rules, an error in the application of state law does not constitute an independent ground for granting federal habeas relief, and no cognizable federal habeas claim is raised. *See Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007); *see also Wheeler v. Thaler*, 347 F. App'x 981, 982 (5th Cir. 2009).

A state court's evidentiary ruling does not present a cognizable federal habeas claim unless it violates a specific constitutional right or renders the trial fundamentally unfair. *Pemberton v. Collins*, 991 F.2d 1218, 1226 (5th Cir. 1993); *see also Little v. Johnson,* 162 F.3d 855, 862 (5th Cir. 1998). The admission of extraneous offense evidence does not violate due process if the state "makes a strong showing that the defendant committed the offense and if the extraneous offense is rationally connected with the offense charged." *Wood*, 503 F.3d at 414. Offenses may be rationally related, even if they involve different victims and occurred at different times, if the offenses have "striking similarities." *Id.* at 415.

Further, even assuming evidentiary error, relief will be warranted "only when the wrongfully admitted evidence has played a crucial, critical, and highly significant role in the trial[.]" *Id.* In addition, a harmless error test applies to such constitutional errors at trial. *See*

*Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Under this test, error is harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict." *Id.*

Texas law permits extraneous offense evidence if it "is relevant to a noncharacter conformity fact of consequence in the case, such as rebutting a defensive theory." *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). Although petitioner argued that the two offenses in his case lacked similarity, the state court of appeals disagreed that "similarity" was the sole, defining issue, and rejected petitioner's argument. The state court made clear that the evidence had been admitted for the sole purpose of impeaching petitioner's alibi witness, and that the jury was given a limiting instruction for its consideration and use of the evidence:

> Davis appeals his conviction on one issue and asserts the trial court erred in admitting the testimony of Sharon King. Davis contends that King's testimony was inadmissible under Rule of Evidence 404(b) because it concerned an extraneous offense. We overrule Davis's issue and affirm his conviction.
>
> \*   \*   \*   \*
>
> The record shows that the State called King to rebut the testimony of Viola Williams, Davis's aunt. Williams testified that Davis worked for her healthcare management company in Temple, Texas, on April 23, 2004, which is the date of the robbery that the State alleged Davis committed. Williams also testified that Davis worked for her in Temple on April 19, 2004. Subsequently, the State called King. King testified that she was robbed at gunpoint by Davis at a storage facility in Harris County on April 19, 2004.
>
> \*   \*   \*   \*
>
> Rule 404(b) provides, in part: 'Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.' TEX. R. EVID. 404(b). Rule 404(b) does not

necessarily require exclusion of King's testimony even though it concerned another wrong or crime committed by Davis on April 19. Instead, Rule 404(b) provides that evidence of other crimes, wrongs, or acts 'may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]' Thus, Rule 404(b) precludes the State from trying an accused for collateral crimes or for generally being a criminal. To be admissible, extraneous offense evidence must be relevant apart from its proof of character conformity.

In this case, the State contends that the 'other purpose' requirement is met because King's testimony regarding the robbery of April 19 was relevant to impeach Williams. Although Rule 404(b) enumerates specific purposes for which 'other crimes, acts or wrongs' are admissible, the Rule's list of 'other purposes' is neither exclusive nor collectively exhaustive. We therefore evaluate whether the purpose of impeaching an alibi witness is within the 'other purposes' provision of Rule 404(b).

To determine whether King's testimony that Davis robbed her on April 19 is admissible, we apply a two-step process. First, we must decide if the testimony is relevant to a fact of consequence apart from its tendency to prove character conformity. 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401.

Here, Williams was the only witness that Davis called during the guilt/innocence phase of his trial. Thus, if the jury believed her testimony, it is likely that Davis would be acquitted. If Davis worked for Williams's healthcare company on April 23 in Temple, it is unlikely that he could have participated in a robbery on that date in Conroe. Likewise, if Williams's testimony about Davis's working with her on April 19 is untrue, it is more likely that her testimony about Davis's work for her company on April 23 is also unreliable. In light of Williams's testimony that Davis was working in Temple on April 19, we hold that King's testimony about the April 19 robbery was relevant to assist the jury in assessing Williams's credibility.

Second, in determining whether King's testimony was admissible, we must evaluate whether its probative value was substantially outweighed by unfair prejudice. Even when an extraneous offense is relevant apart from its tendency to prove character conformity, we still consider whether the

relevance of the evidence for other purposes is substantially outweighed by the extraneous offense's inflammatory or prejudicial potential.  In weighing the probative value of the evidence and its potential prejudice, a trial court should consider several factors, including:

(1)     how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable – a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;

(2)     the potential the other offense evidence has to impress the jury 'in some irrational but nevertheless indelible way';

(3)     the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; [and]

(4)     the force of the proponent's need for this evidence to prove a fact of consequence, *i.e.*, does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

Here, evidence that tended to impeach Williams was necessary for the jury's evaluation of Davis's claimed alibi.  Extraneous offense evidence is admissible to rebut an alibi theory.  The State, prior to King's testifying and outside the jury's presence, explained that its purpose in offering King's testimony was to impeach Williams.  There was no need to utilize King's testimony to show Davis was the perpetrator based upon the similarities between the two offenses, because during her testimony, King identified Davis as the person who robbed her on April 19.

After both sides rested, the court instructed the jury that King's testimony was offered for the limited purpose of impeaching the testimony of Williams, and that the State used the testimony solely for that purpose.  In addition, the charge instructed the jury to consider any testimony regarding other offenses solely in determining the defendant's opportunity to commit the offense for which he was being tried.  These instructions reduced any possibility that the jury might improperly consider King's testimony as showing Davis's character as a robber.  King's testimony did not require much time to develop, as her

testimony in the record consists of only fifteen pages of the two hundred sixty-two pages of the trial transcript's guilt/innocence phase.

In addition, the State did not argue to the jury that the similarities of the crimes on April 19 and April 23 tended to identify Davis as the perpetrator. Rather, the State argued that King's testimony rebutted that of Williams regarding Davis's whereabouts on April 19. Davis further argues that it was error to admit King's testimony concerning the April 19 robbery because there were insufficient similarities between the two robberies to assist the jury in identifying Davis as the perpetrator. But, it was not necessary to identify Davis as the perpetrator by comparing the similarities between the crimes, as both King and the victim of Davis's April 23 robbery identified him in court. Davis was also identified as the perpetrator of the April 23 robbery by the State's latent print examiner from fingerprint evidence that Davis left at the scene. As previously noted, the court specifically instructed the jury that the purpose of King's testimony was to impeach Williams.

We disagree with Davis's contention that the State's proffer of King's testimony regarding the events of April 19 was to assist the State in establishing that Davis was the perpetrator of the April 23 robbery. The record shows that King's testimony was offered for the purpose of contradicting Williams's alibi testimony. Having considered the record, the court's instructions to the jury regarding the purpose of King's testimony, and the use the State made of the testimony, we hold that the probative value of King's testimony outweighed its potential prejudice.

In summary, King's testimony had significant potential value to prove that Davis's alibi witness was not truthful. In light of the instructions given, we do not believe the evidence had the potential to impress the jury in an irrational way, or that the time spent in presenting King's testimony was sufficient to distract the jury from its consideration of the April 23 offense. No other evidence except King's significantly assisted the State in contradicting Williams's account of Davis's whereabouts. Finally, the jury's assessment of Williams's credibility was important to the jury's resolution of the dispute. Under these circumstances, we hold that the trial court did not abuse its discretion in ruling that King's testimony had a sufficient 'other purpose' to allow its admission under Rule 404(b) of the Texas Rules of Evidence.

*Davis*, at *1-5 (citations omitted).

9

Petitioner has not demonstrated his right to relief under his claim. He has not demonstrated that he was prejudiced by the allegedly erroneous admission of the extraneous offense or that the errors had a substantial or injurious effect in determining the jury's verdict. Nor has he made a showing that any wrongfully admitted evidence played a significant role in the outcome of the trial; the court of appeals found that the evidence was admissible under state law and this Court may not revisit that finding.

Petitioner fails to show that the state court's rejection of his claim on direct appeal constituted an unreasonable application of clearly established federal law, and he does not meet his burden of proof under AEDPA. *See Williams*, 529 U.S. at 409. Accordingly, respondent is entitled to summary judgment dismissal of this claim, and the claim is DISMISSED WITH PREJUDICE.

*Non-Exhaustion and Procedural Bar*

Respondent argues that petitioner's remaining federal habeas grounds are unexhausted and procedurally barred from consideration by this Court. In support, respondent states that petitioner raised only the first ground on direct appeal, and did not seek collateral review on any grounds.

A review of petitioner's direct appeal in *Davis* shows that he argued only one issue: that admission of the complained-of extraneous offense evidence violated Texas Rules of Evidence Rule 404(b). In affirming petitioner's conviction, the state court of appeals held that the evidence did not violate Rule 404(b) and that there was no error in admission of the

evidence.  Respondent correctly states that petitioner's three other habeas grounds raised in the instant petition were not presented to the state courts as of the time of petitioner's filing the instant petition.  However, because petitioner had not yet pursued the claims through state habeas proceedings, it would be premature for this Court to hold that the claims are procedurally defaulted at this juncture.  Respondent is not entitled to summary judgment dismissal of these claims as procedurally barred.

Accordingly, petitioner's remaining habeas claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust.  The Court expresses no opinion as to the merits of these remaining claims or whether they would be subject to dismissal as barred by the AEDPA one-year statute of limitations.

*Conclusion*

The Court ORDERS as follows:

(1)   Respondent's motion for summary judgment (Docket Entry No. 22) is GRANTED as to petitioner's claim that the trial court violated Rule 404(b) of the Texas Rules of Evidence, and this claim is DISMISSED WITH PREJUDICE.

(2)   Respondent's motion for summary judgment (Docket Entry No, 22) is DENIED as to respondent's claim that petitioner's remaining claims are procedurally barred.

(3)   Petitioner's remaining claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust.

The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED.

A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas on September 28, 2011.

_____
Gray H. Miller
United States District Judge

12